UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. JONES,<br>        Petitioner,<br>    v.<br>GARY SWARTHOUT,<br>        Respondent. | Case No. 14-cv-00753-JD<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. Nos. 11, 15 |

Kevin Jones, a pro se state prisoner, has brought a habeas petition under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the grounds that the petition is barred by the statute of limitations. Jones has filed an opposition, and respondent has filed a reply. The motion is granted and the petition is dismissed.

## I.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on petitions for writs of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28

1  U.S.C. § 2244(d)(2).  The one-year period generally will run from "the date on which the
2  judgment became final by the conclusion of direct review or the expiration of the time for seeking
3  such review."  28 U.S.C. § 2244(d)(1)(A).

### A. Background

In 2006, Jones was sentenced to twenty-five years to life for voluntary manslaughter of a fellow inmate while incarcerated.  Motion to Dismiss ("MTD"), Ex. A at 1, 4.  The California Court of Appeal affirmed the judgment on September 20, 2007.  MTD, Ex. A.  Jones did not file a petition for review in the California Supreme Court.  Jones states that in late 2012 or early 2013 he filed a habeas petition in Monterey County Superior Court, followed by petitions in the California Court of Appeal and California Supreme Court.

### B. Discussion

Because Jones did not file a petition for review in the California Supreme Court, his conviction became final on October 30, 2007, forty days after the California Court of Appeal affirmed the conviction, when the time to file with the California Supreme Court expired.  Cal. Rules of Court 8.264(b)(1), 8.500(e)(1).  Thus, Jones' one-year limitations period expired on October 30, 2008.  *See* 28 U.S.C. § 2244(d)(1).

Jones' state habeas petitions were not filed until 2012 and 2013, more than four years after the expiration of the statute of limitations.  Jones will not receive statutory tolling for these petitions because they were filed after the expiration of the statute of limitations.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).  Thus, this petition is untimely absent equitable tolling.

### C. Equitable Tolling

AEDPA's one-year statute of limitations is subject to equitable tolling in limited circumstances.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* at 649 (internal quotation marks omitted); *accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)

("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 560 U.S. at 653.

A petitioner bears the burden of showing "extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation marks omitted). Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005). Further, such petitioner must show "his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006)).

Jones argues that his mental illness constitutes an extraordinary circumstance to warrant nearly five and a half years of equitable tolling. In his petition, Jones states that he has been diagnosed as suffering from "a major mental illness" requiring placement in the Correctional Clinical Case Management System ("CCCMS"). Petition at 13. Jones did not specifically describe the mental illness in the petition, but did include approximately ninety pages of mental health records. Petition, Exs. B, J. Respondent argues that the records submitted by Jones refute his claim that he was mentally incompetent.

Under Ninth Circuit law, Jones must satisfy a two-part test to be eligible for equitable tolling for mental impairment. *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). First, Jones

> must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing. Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

3

1   *Id*. (internal citation, footnote, and emphasis omitted). If "petitioner has made a non-
2   frivolous showing that he had a severe mental impairment during the filing period," an evidentiary
3   hearing is appropriate to determine whether equitable tolling applies. *Id*. at 1100. However, an
4   evidentiary hearing is not necessary "[w]here the record is amply developed, and where it
5   indicates that the petitioner's mental incompetence was not so severe as to cause the untimely
6   filing of his habeas petition . . . notwithstanding a petitioner's allegations of mental
7   incompetence." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010).

Jones repeatedly states that the mental health records demonstrate that he suffered from a severe mental illness that entitles him to equitable tolling. However, other than these general statements, Jones fails to describe with any specificity what specific information in the records supports his argument for nearly five and a half years of tolling. CCCMS is the least severe level of mental health care in the California prison system and is appropriate when an inmate exhibits symptoms that are under control or in partial remission due to treatment. *See Matthews v. Curry*, 2011 WL 5975257, *10, n.14 (C.D. Cal. 2011). Much of Jones' records concern the time period prior to the statute of limitations commencing, but note that Jones was doing well, had not indicated any mental health-related issues, no reports of hallucinations or paranoia, had adequate grooming, had not reported problems sleeping, and was using yard privileges. Petition, Ex. B at 7-17, 19-20. 23-24. Jones was assessed a Global Assessment of Functioning ("GAF") score of 60 once and 65 twice during this time period. *Id*. at 1-4. A GAF score between 60 and 68 indicates only a mild to moderate mental health impairment or normal mental status. *See Sigmon v. Kernan*, 2009 WL 1514700, *9, n.3 (C.D. Cal. 2009); *see also Lawless v. Evans*, 545 F. Supp. 2d 1044, 1049-50 (C.D. Cal. 2008) (GAF of 65 did not justify claim for equitable tolling due to mental incompetence).

Jones only includes a few documents regarding his mental health care during the relevant time period, from October 2007 to October 2008. Doctors noted that Jones' mood was good, he was reading, exercising, playing chess, and writing letters. Petition, Ex. B at 43. Jones communicated well and had a barber job. *Id*. at 44. Other reports also noted that Jones appeared and felt within normal limits, had good insight and judgment and had no thoughts of suicide or

homicide, and was not suffering from delusions or hallucinations. Petition, Ex. J at 6, 9. In June 2009, Jones was discharged from CCCMS and was no longer in the prison mental health program because he was stable and off medication. *Id*. at 26-27. Jones stayed out of the prison mental health service until May 2011, when he transferred to a different prison. *Id*. at 33-35.

Jones argues that the mental health records do not affirmatively state that he was able to understand complex legal procedures and draft legal documents, or understand a deadline period. Opposition at 5. While this is accurate, the records do not support his argument that he was unable to understand legal concepts or a deadline period. Jones provides no specific arguments on how his mental health issues caused his delay in filing the petition or that he showed diligence in pursuing the claims to the extent he could understand them. He has failed to make a showing to warrant nearly five and a half years of tolling pursuant to *Bills*.

Court records also indicate that from March 7, 2006, to December 9, 2008, Jones was actively litigating a pro se civil rights action in this court. *Jones v. Kane*, Case No. 06-cv-1722-RMW. The civil rights case concerned the same underlying events as this habeas petition and the death of the other inmate. After Jones' complaint was dismissed with leave to amend he sought several extensions of time in July and September 2008, and in November 2008 he filed an amended complaint that was eventually dismissed. Jones was litigating the civil rights case at the same time the statute of limitations was running on this habeas action. Jones was able to understand complex legal procedures, draft legal documents, and understand a deadline period. Jones is not entitled to nearly five and a half years of equitable tolling because he has failed to meet the standard set forth in *Bills* and the medical records and Jones' ability to litigate a civil rights case fail to support his argument that he was unable to understand a deadline or complex legal procedures. This petition is dismissed as untimely.[1]

---

[1] Based on Jones' failure to plead specific facts concerning how his mental health issues caused his delay in filing the petition and after reviewing the mental health record, an evidentiary hearing is not necessary. *See Roberts*, 627 F.3d at 773-73.

**II.  CONCLUSION**

1. Respondent's motion to dismiss (Docket No. 11) is **GRANTED** and this case is **DISMISSED**.

2. Petitioner's motion for an extension (Docket No. 15) is **GRANTED** and the Court has considered his opposition.

3. A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated: September 29, 2015

_____
James Donato
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN D. JONES,

    Plaintiff,

v.

GARY SWARTHOUT,

    Defendant.

Case No. 14-cv-00753-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 29, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin D. Jones ID: #:E-74038
California State Prison-Solano
2100 Peabody Road, Bldg: 1-206-L
Vacaville, CA 95696-4000

Dated: September 29, 2015

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO